IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HELEN E. VAN HORN,<br><br>Plaintiff,<br><br>v.<br><br>DR. CONRAD J. TIRRE,<br><br>Defendant. | Case No. 23-cv-00016-DKW-RT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

In January 2023, Plaintiff Helen Van Horn filed a pro se Complaint against Defendant Dr. Conrad Tirre. Liberally construing the Complaint, Van Horn appears to allege that, during surgery on her left wrist, "too much metal" was placed in the wrist, creating a "lame" left hand. As relief, Van Horn appears to request monetary damages, removal of the metal in her wrist, and a copy of the "post-operative" x-ray. In February 2023, Tirre moved to dismiss this case for lack of subject matter jurisdiction, arguing that neither diversity jurisdiction nor federal question jurisdiction exists here.

Having reviewed the Complaint, motion to dismiss, and the record generally, the Court agrees that subject matter jurisdiction does not exist in this case. First, the Complaint alleges that both Van Horn and Tirre reside in Hawaiʻi and, thus, are not diverse. Second, Van Horn does not identify a federal law at issue here and,

upon review, her claim(s) appear to concern, if anything, state tort law, rather than federal law. Therefore, as more fully discussed herein, the motion to dismiss, Dkt. No. 10, is GRANTED. However, because Van Horn is proceeding pro se and this is the first occasion the Court has provided guidance on her claim(s), dismissal is with leave to amend as set forth below.

## BACKGROUND

On January 12, 2023, Van Horn filed the Complaint described above. Dkt. No. 1. Although a section of the form Complaint is dedicated to the "Basis for Jurisdiction," Van Horn failed to answer any of the questions therein. *Id*. at 3-5. In other words, she did not mention any federal law that is implicated by her claims or the basis for finding diversity of citizenship. Van Horn did, however, provide the addresses for both herself and Tirre, with both being in Hawaiʻi. *Id*. at 2. Further, on the Civil Cover Sheet accompanying the Complaint, Van Horn checked boxes indicating that, although the basis for jurisdiction here is "Diversity", both she and Tirre are citizens of "This State", *i.e.*, Hawaiʻi. Dkt. No. 2. Van Horn also checked a box indicating that the "Nature of Suit" is "Personal Injury – Medical Malpractice." *Id*.

On February 7, 2023, Tirre filed the pending motion to dismiss. Dkt. No. 10. One day later, Van Horn filed an "Amendment to Complaint," Dkt. No. 11,[1] which provided a more fulsome factual background of her claim(s) against Tirre.[2] The amendment, however, did not change the substance of Van Horn's claim(s) against Tirre, *i.e.*, the claim that, because of the surgery on her left wrist, her hand does not function as it did before the surgery. The amendment also does not provide any additional basis for the Court's jurisdiction over this case.

On February 23, 2023, Tirre filed a reply in support of the motion to dismiss. Dkt. No. 16. With briefing complete, this Order now follows.[3]

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal due to a lack of subject matter jurisdiction. When a defendant does so, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted). A Rule 12(b)(1) motion can consist of a

---

[1] It is not clear whether the "Amendment to Complaint" was intended as a response to the motion to dismiss. However, given that the amendment was filed after the motion to dismiss and no other response to the motion has been filed, the Court construes the amendment as Van Horn's response or opposition to the motion to dismiss.
[2] For instance, the Amendment identifies the date of Van Horn's wrist surgery as October 10, 2022. Dkt. No. 11 at 1.
[3] On February 9, 2023, pursuant to Local Rule 7.1(c), the Court elected to decide the motion to dismiss without a hearing. Dkt. No. 14.

facial or factual attack on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Tirre appears to raise a facial attack, given that he challenges the sufficiency of the allegations in the Complaint. *See id*. ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.").

## DISCUSSION

Tirre argues that this case should be dismissed because neither diversity jurisdiction nor federal question jurisdiction exists. The Court agrees and addresses each matter in turn.

### 1. Diversity Jurisdiction

The Complaint reflects that diversity jurisdiction does not exist in this case, as it is alleged that both Van Horn and Tirre have addresses in Hawaiʻi. Dkt. No. 1 at 2. Moreover, the Civil Cover Sheet states that both are citizens of Hawaiʻi. Dkt. No. 2. As a result, because it is Van Horn's burden to show jurisdiction, and the record reflects that the parties are not of diverse citizenship, the Court agrees that diversity jurisdiction does not exist here. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (explaining that "federal district courts have

jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.").

### 2. Federal Question Jurisdiction

In the Complaint, no federal law is even mentioned as being potentially applicable here. Dkt. No. 1 at 4. The same is true of the Civil Cover Sheet, which does not even state that the basis for jurisdiction here relies upon a federal question. That being said, because Van Horn is proceeding pro se, the Court liberally construes the Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Fairly and liberally construed, Van Horn appears to raise two potential claims against Tirre: (1) medical malpractice, in that Tirre is alleged to have performed wrist surgery on Van Horn that has left her in more pain and with less functionality than before the surgery, and (2) records production, in that Van Horn demands a copy of her post-operative x-ray, which she alleges is under Tirre's control. As Tirre correctly points out, medical malpractice, standing alone, implicates state tort law, not federal law. *See* Dkt. No. 10-1 at 3. As for the x-ray, Van Horn asserts no federal law that would provide her with a cause of action to obtain a copy. *See Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082, 1084 (9th Cir. 2007) (explaining that, although, under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), an individual is entitled to a

copy of their protected health information, "HIPAA itself does not provide for a private right of action…."). As a result, on this record, the Court finds that Van Horn has failed to establish federal question jurisdiction as well.

Nonetheless, because Van Horn is proceeding pro se, and this is the first occasion upon which the deficiencies in the Complaint have been explained to her, the Court will allow leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Specifically, should Van Horn decide to file an amended complaint, she must state a basis for this Court's jurisdiction. As explained herein, *diversity* jurisdiction does not exist between her and Tirre and, therefore, she should not rely upon diversity as a basis for jurisdiction. Instead, if applicable, Van Horn must identify a federal law that provides her with a cause of action to bring a claim related to her wrist surgery or for a copy of her x-ray. If Van Horn cannot identify such a federal law, or does not file an amended complaint consistent with the guidance in this Order, this case will be dismissed without prejudice for lack of subject matter jurisdiction. *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in

general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 10, is GRANTED.   Van Horn may have until March 24, 2023 to file an amended complaint, should she so choose.   Failure to file an amended complaint by March 24, 2023 will result in dismissal of this case without prejudice for lack of subject matter jurisdiction.

The Clerk is instructed to mail Van Horn a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: March 2, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

___

*Helen E. Van Horn v. Dr. Conrad J. Tirre*; Civil No. 23-00016 DKW-RT;
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**